

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 27, 2025**

_____
**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HARVEST SHERWOOD FOOD<br>DISTRIBUTORS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80109 (SGJ)<br><br>(Jointly Administered)<br>Related to Dkt. No. 8 |

### FINAL ORDER (I) AUTHORIZING
### DEBTORS TO PAY CERTAIN PREPETITION CLAIMS
### OF CRITICAL VENDORS, AND (II) GRANTING RELATED RELIEF

Upon the motion of Harvest Sherwood Food Distributors, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Order") (i) authorizing the Debtors to pay certain prepetition claims of vendors whose goods and

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are Del Mar Holding LLC (9207), Del Mar Acquisition Inc. (8866), Surfliner Holdings, Inc. (9456), Harvest Sherwood Food Distributors, Inc. (8995), Harvest Meat Company, Inc. (9136), LAMCP Capital, LLC (N/A), Western Boxed Meats Distributors, Inc. (8735), Cascade Food Brokers, Inc. (1389), Hamilton Meat, LLC (6917), SFD Acquisition LLC (8995), SFD Transportation Corp. (1551), Sherwood Food Distributors, L.L.C. (4375), and SFD Company LLC (1175). The Debtors' service address is c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd., Beaverton, OR 97005.

services are necessary to facilitate the orderly winddown of the Debtors' operations; and (ii) granting related relief (the "Motion"),[2] all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The relief requested in the Motion is GRANTED on a final basis.

2. The Debtors are authorized pursuant to sections 105(a), 363(b), 503(b)(9), 1107(a) and 1108 of the Bankruptcy Code, to pay, or cause to be paid, the Critical Vendor Claims in the ordinary course of business and consistent with customary past practice, upon such terms and in the manner provided in this Order and the Motion; *provided* that the aggregate prepetition amounts authorized to be paid shall not exceed $430,000.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

3. On the request of the Notice Parties, which shall include counsel to the Official Unsecured Creditors' Committee (the "Committee") (McDermott Will & Emery, 2801 North Harwood Street, Suite 2600, Dallas, TX 75201, Attn: Marcus Helt (mhelt@mwe.com) and Jack Haake (jhaake@mwe.com)), the Debtors shall provide the Committee with a list of any and all payments that have been made to date under the authority that is granted herein.

4. If any party accepts payment pursuant to the relief requested by this final Order and thereafter does not continue to provide goods or services on customary trade terms (regardless of whether Agreed Terms have been executed), and subject to any Agreed Terms that may be executed or otherwise agreed to by the Debtors, then (a) the Debtors reserve all rights to treat any payments made pursuant to this final Order as an unauthorized postpetition transfer and, therefore, recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made, pursuant to the relief requested by the Motion, to such outstanding prepetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

5. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6. Each of the banks at which the Debtors maintain their accounts are authorized to (a) receive, process, honor, and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in

those accounts, and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of the Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

7.    The Debtors are authorized to issue postpetition checks or to effect postpetition funds transfer requests in replacement of any checks or funds transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

8.    Nothing in this final Order constitutes (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim or interest under applicable law or nonbankruptcy law; (c) a promise or requirement to pay any claim; (d) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (e) a request for or granting of approval for assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code; or (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.  Any payment made pursuant to this Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

9.    Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made and any relief or authorization granted hereunder shall be limited by and subject to the requirements imposed on the Debtors in any order entered by this Court authorizing the Debtors to obtain postpetition financing and to use cash collateral (such order, the "DIP

Order"), including, for the avoidance of doubt, the debtor-in-possession budgets set forth therein. To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Order and the terms of the DIP Order, the terms of the DIP Order will govern.

10. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules for the Northern District of Texas are satisfied by such notice.

12. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**# # # END OF ORDER # # #**

Order submitted by:

**SIDLEY AUSTIN LLP**
Rakhee V. Patel (00797213)
Chelsea McManus (24131499)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:     (214) 981-3300
Facsimile:     (214) 981-3400
Email:          rpatel@sidley.com
                    cmcmanus@sidley.com

*and*

Stephen Hessler (admitted *pro hac vice*)
Anthony R. Grossi (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:     (212) 839-5300
Facsimile:     (212) 839-5599
Email:          shessler@sidley.com
                    agrossi@sidley.com


*and*

Jason L. Hufendick (admitted *pro hac vice*)
Ryan Fink (admitted *pro hac vice* pending)
Daniela Rakowski (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone:     (312) 853-7000
Facsimile:     (312) 853-7036
Email:          jhufendick@sidley.com
                    ryan.fink@sidley.com
                    drakowski@sidley.com


*Proposed Attorneys to the Debtors
 and Debtors in Possession*

United States Bankruptcy Court

Northern District of Texas

| In re: | Case No. 25-80109-sgj |
|---|---|
| Harvest Sherwood Food Distributors, Inc. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| District/off: 0539-8 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jun 27, 2025 | Form ID: pdf025 | Total Noticed: 38 |

The following symbols are used throughout this certificate:

**Symbol      Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 29, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Harvest Sherwood Food Distributors, Inc., 10300 SW Allen Blvd, Beaverton, OR 97005-4833 |
| aty | + | Adam C Silverstein, Otterbourg P.C., 230 Park Avenue, New York, NY 10169-2898 |
| aty | + | Anthony R. Grossi, Sidley Austin LLP, 787 7th Avenue, New York, NY 10019-6088 |
| aty | + | Daniela Rakowski, Sidley Austin LLP, One South Dearborn, Chicago, IL 60603, UNITED STATES 60603-2323 |
| aty | + | Eric Mark Kay, Quinn Emanuel Urquhart & Sullivan, LLP, 295 FIfth Avenue, New York, NY 10016-7103 |
| aty | + | Geremy W. Gregory, Balch & Bingham LLP, 50 N. Laura Street, Suite 2100, Jacksonville, FL 32202-3624 |
| aty | + | James C. Tecce, Quinn Emanuel Urquhart & Sullivan, LLP, 295 FIfth Avenue, New York, NY 10016-7103 |
| aty | + | James Ktsanes, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611-3695 |
| aty | + | James V. Drew, Otterbourg P.C., 230 Park Ave, New York, NY 10169-2898 |
| aty | + | Jason L. Hufendick, Sidley Austin LLP, One South Dearborn, Chicago, IL 60603-2323 |
| aty | + | Jeffrey N. Pomerantz, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067-4003 |
| aty | + | Jonathan W. Muenz, Sidley Austin LLP, 787 7th Avenue, New York, NY 10019-6088 |
| aty | + | Matthew Breen, 230 Park Ave, New York, NY 10169-0005 |
| aty | + | Melanie L Cyganowski, Otterbourg Steindler Houston & Rosen PC, 230 Park Avenue, 30th Floor, New York, NY 10169-0005 |
| aty | + | Rachel L. Steinlage, McCarthy Lebit Crystal & Liffman Co. LPA, 1111 Superior Avenue East, Suite 2700, Cleveland, OH 44114-2519 |
| aty | + | Randall Carl Weber-Levine, Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020-1300 |
| aty | + | Ryan Fink, Sidley Austin LLP, One South Dearborn, Chicago, IL 60603-2323 |
| aty | + | Stephen E. Hessler, Sidley Austin LLP, 787 7th Avenue, New York, NY 10019-6088 |
| intp | + | 1970 Group, Inc., c/o Ross & Smith, PC, Attn: Frances A. Smith, 700 N. Pearl Street, Suite 1610 Dallas, TX 75201-7459 |
| cr | + | Ateeco, Inc. dba Mrs. T's Pierogies, c/o Stromberg Stock PLLC, 8350 N Central Expy, Suite 1225, Dallas, TX 75206-1600 |
| cr | + | Hartley Foods, Inc., c/o Mary Elizabeth Heard, Grable Martin PLLC, 7700 Broadway, Suite 104 PMB 308, San Antonio, TX 78209 UNITED STATES 78209-3260 |
| cr | + | JCG Foods of Alabama, LLC d/b/a Koch Foods of Coll, Baker Donelson, Attn: Daniel J. Ferretti, 1301 McKinney, Suite 3700, Houston, TX 77010-3034 |
| cr | + | JCG Foods of Georgia, LLC d/b/a Koch Foods of Pine, Baker Donelson, Attn: Daniel J. Ferretti, 1301 McKinney, Suite 3700, Houston, TX 77010-3034 |
| cr | + | Koch Foods of Alabama, LLC, Baker Donelson, Attn: Daniel J. Ferretti, 1301 McKinney, Suite 3700, Houston, TX 77010-3034 |
| cr | + | Koch Foods of Mississippi, LLC, Baker Donelson, Attn: Daniel J. Ferretti, 1301 McKinney, Suite 3700, Houston, TX 77010-3034 |
| cr | + | LG Foods, LLC, c/o Kemp Smith LLP, 221 N. Kansas, Ste. 1700, El Paso, TX 79901-1401 |
| cr | + | Miceli Dairy Products Co., 2721 East 90th Street, Cleveland, OH 44104-3396 |
| cr | + | SevenOaks Capital Associates, LLC, c/o Misty A. Segura, Spencer Fane LLP, 3040 Post Oak Blvd., Ste. 1400, Houston, TX 77056 UNITED STATES 77056-6584 |
| cr | + | Wolters Kluwer, CT Corporation (Rejection Team), 1999 Bryan Street, Suite 900, Dallas, TX 75201-3140 |

TOTAL: 29

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Jun 27 2025 21:44:00 | Allen ISD, c/o John Kendrick Turner, 3500 Maple Avenue, Suite 800, Dallas, TX 75219, UNITED STATES 75219-3959 |
| cr | + | Email/Text: bankruptcy@abernathy-law.com | Jun 27 2025 21:44:00 | COLLIN COUNTY TAX ASSESSOR-COLLECTOR, Abernathy, Roeder, Boyd & Hullett, P.C, 1700 Redbud Blvd., Suite 300, McKinney, TX 75069-3276 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Jun 27 2025 21:44:00 | City of Allen, c/o John Kendrick Turner, 3500 Maple Avenue, Suite 800, Dallas, TX 75219, |

District/off: 0539-8      User: admin      Page 2 of 2

Date Rcvd: Jun 27, 2025      Form ID: pdf025      Total Noticed: 38

| | | | | |
|---|---|---|---|---|
| | | | | UNITED STATES 75219-3959 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Jun 27 2025 21:44:00 | Dallas County, c/o John Kendrick Turner, 3500 Maple Avenue, Suite 800, Dallas, TX 75219, UNITED STATES 75219-3959 |
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | Jun 27 2025 21:56:32 | Ford Motor Credit Company LLC, c/o AIS Portfolio S, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| cr | + | Email/Text: ddulworth@clarkhill.com | Jun 27 2025 21:44:00 | Navistar Financial Corporation, c/o Clark Hill PLC, Sandra S. Hamilton, 200 Ottawa Ave. NW, Suite 500, Grand Rapids, MI 49503-2417 |
| cr | + | Email/Text: ecffilings@padfieldstout.com | Jun 27 2025 21:44:00 | PNC Equipment Finance, LLC, c/o Padfield & Stout, LLP, 100 Throckmorton Street, Suite 700, Fort Worth, TX 76102-2837 |
| cr | + | Email/Text: AGBankRevenue@ag.tn.gov | Jun 27 2025 21:44:00 | TN Dept of Revenue, c/o TN Attorney General's Office, Bankruptcy Division, P.O. Box 20207, Nashville, TN 37202-0207, UNITED STATES 37202-4015 |
| cr | + | Email/Text: dallas.bankruptcy@LGBS.com | Jun 27 2025 21:44:00 | Tarrant County, c/o John Kendrick Turner, 3500 Maple Avenue, Suite 800, Dallas, TX 75219, UNITED STATES 75219-3959 |

TOTAL: 9

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 29, 2025      Signature:      /s/Gustava Winters