SIDLEY AUSTIN LLP
Chelsea McManus (24131499)
2323 Cedar Springs, Suite 2600
Dallas, TX 75201
Telephone:     (214) 981-3300
Facsimile:     (214) 981-3400
Email:         cmcmanus@sidley.com

SIDLEY AUSTIN LLP
Stephen Hessler (admitted *pro hac vice*)
Anthony R. Grossi (admitted *pro hac vice*)
Jon Muenz (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:     (212) 839-5300
Facsimile:     (212) 839-5599
Email:         shessler@sidley.com
               agrossi@sidley.com
               jmuenz@sidley.com

SIDLEY AUSTIN LLP
Jason L. Hufendick (admitted *pro hac vice*)
Ryan Fink (admitted *pro hac vice*)
Daniela Rakowski (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone:     (312) 853-7000
Facsimile:     (312) 853-7036
Email:         jhufendick@sidley.com
               ryan.fink@sidley.com
               drakowski@sidley.com

*Attorneys for the Debtors
and Debtors in Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HARVEST SHERWOOD FOOD DISTRIBUTORS, INC., *et al*.,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 25-80109 (SGJ)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are Del Mar Holding LLC (9207), Del Mar Acquisition Inc. (8866), Surfliner Holdings, Inc. (9456), Harvest Sherwood Food Distributors, Inc. (8995), Harvest Meat Company, Inc. (9136), LAMCP Capital, LLC (N/A), Western Boxed Meats Distributors, Inc. (8735), Cascade Food Brokers, Inc. (1389), Hamilton Meat, LLC (6917), SFD Acquisition LLC (8995), SFD Transportation Corp. (1551), Sherwood Food Distributors, L.L.C. (4375), and SFD Company LLC (1175).  The Debtors' service address is c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd., Beaverton, OR 97005.

**DEBTORS'
FIRST AMENDED
MOTION FOR ENTRY OF
AN ORDER (I) CONDITIONALLY
APPROVING THE ADEQUACY OF THE
FIRST AMENDED DISCLOSURE STATEMENT;
(II) APPROVING THE SOLICITATION PROCEDURES
IN CONNECTION WITH CONFIRMATION OF THE FIRST
AMENDED PLAN; (III) APPROVING THE FORMS OF BALLOTS AND
NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN
DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF**

---

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Bankruptcy Court, you must file your response electronically at https://ecf.txnb.uscourts.gov/ no later than May 21, 2026 at 4:00 p.m. (prevailing Central Time). If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket no later than May 21, 2026 at 4:00 p.m. (prevailing Central Time). Otherwise, the Bankruptcy Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on the matters set forth in this motion on May 27, 2026, at 1:30 p.m. (prevailing Central Time) in Courtroom #1, 14th Floor, Earle Cabell Federal Building, 1100 Commerce Street, Room 1254, Dallas, Texas 75242. You may participate in the hearing either in person or by an audio and video connection.**

**Audio communication will be by use of the Bankruptcy Court's dial-in facility. You may access the facility at 650.479.3207. The meeting code is 2301 154 2638. Video communication will be by the use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Jernigan's home page. Click the settings icon in the upper right corner and enter your name under the personal information setting. WebEx hearing instructions may be obtained from Judge Jernigan's hearing/calendar site: https://www.txnb.uscourts.gov/judges-info/hearing-dates/chief-judgejernigans-hearing-dates.**

**Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Jernigan's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

Harvest Sherwood Food Distributors, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, file this motion (this "Motion").[2] In further support of this Motion, the Debtors state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan, Disclosure Statement, or the First Day Declaration, as applicable.

*Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested in this Motion are sections 105(a), 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2002-1, 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Northern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Northern District of Texas (the "Complex Case Procedures").

3.      The Debtors confirm their consent to the entry of a final order by the Bankruptcy Court in connection with the Motion in the event that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**BACKGROUND**

4.      On May 5, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these cases.

3

5.    On May 21, 2025, the Office of the United States Trustee for the Northern District of Texas (the "U.S. Trustee") appointed the Official Unsecured Creditors' Committee [Docket No. 148] (the "Committee").

6.    The Debtors are filing the *First Amended Joint Chapter 11 Plan of Harvest Sherwood Food Distributors, Inc. and Its Debtor Affiliates* (the "Plan") and the *First Amended Disclosure Statement for the First Amended Joint Chapter 11 Plan of Harvest Sherwood Food Distributors, Inc. and Its Debtor Affiliates* (the "Disclosure Statement") contemporaneously herewith.

### RELIEF REQUESTED

7.    The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), granting, among other things, the following relief:

a. ***Disclosure Statement***.  Conditionally approving the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code.

b. ***Solicitation Procedures***.  Approving the procedures for soliciting votes to accept or reject the Plan (the "Solicitation Procedures"), substantially in the form attached to the Order as Exhibit 1.

c. ***Confirmation Hearing Notice***.  Approving the form and manner of notice of the combined hearing (the "Confirmation Hearing") to be held by the Bankruptcy Court to consider (i) confirmation of the Plan and the adequacy of the Disclosure Statement, (ii) the deadline to cast votes to accept or reject the Plan (the "Voting Deadline"), (iii) the deadline to object to confirmation of the Plan (the "Objection Deadline"), and (iv) the proposed form of notice of opt out rights with respect to certain releases (such notice, the "Confirmation Hearing Notice"), substantially in the form attached to the Order as Exhibit 2.

d. ***Publication Notice***.  Approving the manner of publication notice of the Confirmation Hearing (the "Publication Notice"), substantially in the form attached to the Order as Exhibit 3.

e. ***Solicitation Packages***.  Approving the materials sent to parties entitled to vote on the Plan consisting of, among other things, the appropriate ballot to vote on the Plan (each, a "Ballot" and collectively, the "Ballots") and voting

instructions contained therein, substantially in the forms attached to the Order as <u>Exhibits 4A</u>, <u>4B, 4C</u>, and <u>4D</u>.

f. ***Non-Voting Status Packages***.  Approving (i) the form of non-voting status packages (the "<u>Non-Voting Status Packages</u>"), substantially in the form attached to the Order as <u>Exhibit 5</u>, (ii) the form of notice sent to parties not entitled to vote on the Plan (each, a "<u>Notice of Non-Voting Status</u>"), and (iii) the applicable release opt-out form (the "<u>Opt-Out Form</u>").

g. ***Confirmation Timeline***.  Establishing the following dates and deadlines, subject to modification as necessary (the "<u>Confirmation Timeline</u>").

| Event | Date |
|---|---|
| Voting Record Date | May 7, 2026 |
| Disclosure Statement Conditional Approval / Solicitation Procedures Objection Deadline | May 21, 2026 |
| Disclosure Statement Conditional Approval / Solicitation Procedures Approval Hearing | May 27, 2026 at 1:30 p.m. (prevailing Central Time) |
| Solicitation Commencement | June 2, 2026 |
| Publication Deadline | June 2, 2026 |
| Plan Supplement Filing Deadline[3] | June 29, 2026 |
| Voting / Opt-Out Deadline | July 6, 2026 at 4:00 p.m. (prevailing Central Time) |
| Objection Deadline | July 6, 2026 at 4:00 p.m. (prevailing Central Time) |
| Voting Report Filing Deadline | July 10, 2026 at 4:00 p.m. (prevailing Central Time) |
| Confirmation Hearing | July 14, 2026 at 1:30 p.m. (prevailing Central Time) |

h. ***Other Relief***.  Authority to make non-substantive modifications to the Disclosure Statement, the Plan, the Solicitation Packages, the Non-Voting Status Packages, the Confirmation Hearing Notice, the Publication Notice, the Opt-Out Form, the Ballots, and any related documents without further order of the Bankruptcy Court, and granting related relief.

8. For the Bankruptcy Court's reference, tables of the various exhibits cited throughout the Motion are set forth below:

| Document | Exhibit |
|---|---|
| Order | **Exhibit A** to this Motion |

---

[3] Prior to the Effective Date, the Debtors shall have the right to alter, amend, modify, or supplement the documents contained in the Plan Supplement, in each case in form and substance acceptable to the Debtors, the Committee (not to be unreasonably withheld, conditioned, or delayed), and the Plan Funder.

| | |
|---|---|
| Solicitation Procedures | **Exhibit 1** to the Order |
| Confirmation Hearing Notice | **Exhibit 2** to the Order |
| Publication Notice | **Exhibit 3** to the Order |
| Class 3 Ballot | **Exhibit 4A** to the Order |
| Class 4 Ballot | **Exhibit 4B** to the Order |
| Class 6 Ballot | **Exhibit 4C** to the Order |
| Class 7 Ballot | **Exhibit 4D** to the Order |
| Notice of Non-Voting Status | **Exhibit 5** to the Order |
| Committee's Letter in Support of the Plan | **Exhibit 6** to the Order |

### PLAN SUMMARY

9. The Plan and Disclosure Statement describe in detail the transactions contemplated by the Plan and the treatment of Holders of Claims against and Interests in the Debtors. The following chart summarizes the classes of Claims and Interests, their status, and voting rights.

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| Class 1 | Other Secured Claims | Unimpaired | No (Presumed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | No (Presumed to Accept) |
| Class 3 | General Unsecured Claims | Impaired | Yes |
| Class 4 | Non-Recourse Claims | Impaired | Yes |
| Class 5 | Intercompany Claims | Unimpaired / Impaired | No (Deemed to Reject / Presumed to Accept) |
| Class 6 | Subordinated Claims | Impaired | Yes |
| Class 7 | Existing Equity Interests | Impaired | Yes |
| Class 8 | Intercompany Interests | Unimpaired / Impaired | No (Deemed to Reject / Presumed to Accept) |

10.     Based on the foregoing (and as discussed in greater detail herein), the Debtors are proposing to solicit votes to accept or reject the Plan from Holders of Claims and Interests in Class 3 (General Unsecured Claims), Class 4 (Non-Recourse Claims), Class 6 (Subordinated Claims), and Class 7 (Existing Equity Interests) (each, a "Voting Class" and collectively, the "Voting Classes").  The Debtors are ***not*** proposing to solicit votes from Holders of Claims and Interests in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), Class 5 (Intercompany Claims), and Class 8 (Intercompany Interests) (each, a "Non-Voting Class" and collectively, the "Non-Voting Classes").

## SOLICITATION AND NOTICE PROCEDURES

### I.      The Solicitation Procedures

11.     The Debtors intend to commence solicitation according to the Solicitation Procedures set forth in Exhibit 1 to the Order.  Holders of Claims and Interests that receive a Solicitation Package (as defined below) will be directed to follow the instructions contained in the applicable Ballot (and described in the Disclosure Statement) to complete and submit their Ballot to cast a vote to accept or reject the Plan and to exercise or not exercise the release opt-out.  The Disclosure Statement and Ballots expressly provide that each such Holder needs to submit its Ballot so that it is actually received by the Claims and Noticing Agent (as defined below) on or before the Voting Deadline to be counted.  As described in more detail below, certain Holders of Claims and Interests will not be provided a Solicitation Package because such Holders are not part of a Voting Class as of May 7, 2026 (the "Voting Record Date") and are thus either conclusively presumed to accept or conclusively presumed to reject the Plan under sections 1126(f) and 1126(g) of the Bankruptcy Code, respectively.

12.     The Debtors, with the assistance of the Claims and Noticing Agent, will complete a final tabulation of the Ballots following the expiration of the Voting Deadline and will file a

7

voting report (the "Voting Report") with the Bankruptcy Court no later than two (2) days prior to the Confirmation Hearing. The Debtors request the Solicitation Procedures, which include specific voting and tabulation requirements and processes (the "Tabulation Procedures"), be used in (a) tabulating Ballots, (b) determining eligibility criteria for a Holder to vote on the Plan, and (c) establishing the mechanisms to establish the voting amount of a Claim or Interest. The voting amounts to be established shall be for voting tabulation purposes only and shall not be binding for any other purposes on the Debtors, including, without limitation, for purposes of the allowance of, and distribution with respect to, Claims and Interests under the Plan. The Debtors reserve the right to make exception to any of the Tabulation Procedures and criteria in the Solicitation Procedures and to supplement such procedures and criteria, as necessary; *provided* that the Debtors shall disclose such exceptions in the Voting Report.

## II. Notice and Solicitation Plan

### A. Notice Provided to Voting Classes

13. The Debtors will use May 7, 2026 as the Voting Record Date for the purpose of determining, initially, which Holders of Filed or scheduled Claims or Interests in the Voting Classes are entitled to receive a Solicitation Package.

14. On or before June 2, 2026 (the "Solicitation Deadline"), the Debtors' Claims and Noticing Agent, Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent") will mail, or cause to be delivered, to the Voting Classes voting packages comprising the following materials (collectively, the "Solicitation Packages"):

    a. the Order (excluding all exhibits, except as set forth below);

    b. the Disclosure Statement (including the Plan and all other exhibits thereto);

    c. a copy of the Solicitation Procedures;

    d. the Confirmation Hearing Notice;

     e.   the appropriate Ballot;

     f.   the Committee's letter in support of the Plan; and

     g.   any additional documents that the Bankruptcy Court has ordered to be made available.

The Disclosure Statement and the Plan are voluminous even before accounting for exhibits. Thus, the Debtors request that they be authorized, but not required, to distribute the Disclosure Statement (with all exhibits, including the Plan) and the Order (without exhibits, except as discussed below) to Holders of Claims and Interests in the Voting Classes in electronic format (*i.e.* flash drive, QR code, and/or link), including via email where available. Only the Ballots and the Confirmation Hearing Notice will be provided in paper format. The Debtors submit that distribution in this manner will translate into significant monetary savings for the Debtors' estates by reducing printing and postage costs; however, any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Claims and Noticing Agent and request paper copies of the corresponding materials received in electronic format (to be provided at the Debtors' expense as soon as practical following such request).

15. The Debtors anticipate that the United States Postal Service may return some Solicitation Packages or Non-Voting Status Packages as undeliverable. The Debtors submit that it is costly and wasteful to mail Solicitation Packages and Non-Voting Status Packages to the same addresses from which mail previously was returned as undeliverable. Therefore, the Debtors request the Bankruptcy Court waive the notice rule and excuse the Debtors from mailing Solicitation Packages or Non-Voting Status Packages to addresses from which the Debtors received mailings returned as undeliverable during the course of these Chapter 11 Cases, unless the Debtors are provided with a new mailing address sufficiently in advance of the Voting Deadline. To that end, the Debtors seek a waiver of any obligation for the Debtors or the Claims

and Noticing Agent to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots), and, for purposes of serving the Solicitation Packages or Non-Voting Status Packages, the Debtors seek authorization to rely on the address information for Voting and Non-Voting Classes as compiled, updated, and maintained by the Claims and Noticing Agent as of the Voting Record Date.

### B.      Notice Provided to Non-Voting Classes

16.      As discussed above, the Non-Voting Classes are not entitled to vote on the Plan. As a result, the Non-Voting Classes will not receive Solicitation Packages and, instead, the Debtors propose that such parties receive Non-Voting Status Packages.  Additionally, the Debtors propose that Holders of Claims whose Claims are subject to a pending objection (each, a "Disputed Claim") shall not be entitled to vote the disputed portion of the Claim unless such dispute is resolved for voting purposes pursuant to the Solicitation Procedures.  The Debtors propose to give notice to such Holders of Disputed Claims regarding the disallowance of all or a portion of their Claims for voting purposes.  Specifically, in lieu of a Solicitation Package, the Debtors propose to provide Holders of Claims and Interests in Non-Voting Classes and Holders of Disputed Claims with (a) the Notice of Non-Voting Status and (b) the Opt-Out Form.

17.      Each Non-Voting Status Package shall (a) inform recipients of their status as Holders or potential Holders of Claims or Interests in the Non-Voting Classes; (b) provide the full text of the releases, exculpation, and injunction provisions set forth in the Plan; (c) include an Opt-Out Form, by which Holders of Claims or Interests may elect to opt out of the Third Party Release included in the Plan by checking a prominently-featured and clearly-labeled box; (d) where applicable, provide information on how certain Holders in a Non-Voting Class may opt out electronically via the online portal maintained by the Claims and Noticing Agent; and

10

(e) provide the deadline by which all Opt-Out Forms must be received by the Claims and Noticing Agent (the "Opt-Out Deadline").

18.     Holders of Claims in Classes 1 and 2 are Unimpaired, not entitled to vote, and conclusively presumed to accept the Plan.  The Debtors propose to serve such Holders with the Non-Voting Status Package substantially in the form attached as <u>Exhibit 5</u> to the Order.

19.     Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their Claim.  Accordingly, such Holders will receive a Non-Voting Status Package substantially in the form attached to the Order as <u>Exhibit 5</u>.

20.     With respect to Intercompany Claims in Class 5 and Intercompany Interests in Class 8, the Debtors request a waiver of any requirement to serve a Non-Voting Status Package or any other type of notice in connection with the Plan because such Claims or Interests are held by the Debtors and their affiliates.

21.     The Debtors further request that they not be required to mail Solicitation Packages or other solicitation materials to Holders of Claims and Interests that have already been paid in full during these Chapter 11 Cases or that are otherwise authorized to be paid in the ordinary course of business pursuant to an order previously entered by the Bankruptcy Court.

## BASIS FOR RELIEF REQUESTED

**I.      Conditional Approval of the Disclosure Statement and Final Approval at the Confirmation Hearing is Warranted and Appropriate in the Chapter 11 Cases**

    **A.      Conditional Approval of the Disclosure Statement**

22.     The Debtors seek conditional approval of the Disclosure Statement.  Such relief is consistent with Bankruptcy Local Rule 3017-3 and Section H of the Complex Case Procedures, which provides that the Bankruptcy Court may consider motions seeking conditional approval of a disclosure statement.  The Debtors submit that conditional approval is appropriate in these

Chapter 11 Cases because it will permit this Motion to be heard on shortened notice which will facilitate the Debtors' efficient progression toward emergence from these Chapter 11 Cases. The requested relief is expected to benefit the Estates and all parties in interests by reducing the costs associated with a prolonged stay in chapter 11, including additional professional fees and expenses and the continued accrual of interest and other costs under the DIP Facility. These savings will preserve and maximize Estate value which will translate into greater potential recoveries for creditors and other stakeholders. Further, the proposed timeline, including the request for conditional approval of the Disclosure Statement, is supported by the Committee. Accordingly, the Debtors respectfully submit that the Court's exercise of its discretion to conditionally approve the Disclosure Statement is warranted and is in the best interests of the Debtors' Estates, creditors, and all parties in interest. This Motion and the proposed Order comply with the requirements of the Complex Case Procedures, the Bankruptcy Local Rules, and the other requirements of the Bankruptcy Rules.

**B.      The Confirmation Hearing Date and Procedures for Filing Plan Objections Should Be Approved**

23.      Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest . . . to consider the disclosure statement and any objections or modifications thereto." Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."

24.      Similarly, Bankruptcy Rule 2002(b) provides that notice shall be given to "the debtor, the trustee, all creditors and indenture trustees [of] not less than 28 days . . . by mail of the time fixed . . . for filing objections and the hearing to consider approval of a disclosure statement or, under § 1125(f), to make a final determination whether the plan provides adequate information

so that a separate disclosure statement is not necessary." Under Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."

25. The Bankruptcy Court may combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan. *See* 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing bankruptcy courts to combine the hearing on approval of the disclosure statement with the confirmation hearing). In addition, Bankruptcy Local Rule 3017-3(b) and Section H of the Complex Case Procedures allow the Bankruptcy Court to combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan, and to file a combined disclosure statement and plan, so long as the combined document contains information consistent with 11 U.S.C. § 1125.

26. The Debtors request that the Bankruptcy Court schedule the Confirmation Hearing on **July 14, 2026**, at 1:30 p.m. (Prevailing Central Time), subject to Bankruptcy Court availability.

27. The Debtors further request that the Bankruptcy Court schedule the Objection Deadline at **4:00 p.m. (prevailing Central Time) on July 6, 2026**. The Debtors also request that the Bankruptcy Court direct the manner in which parties in interest may object to confirmation of the Plan. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." The Confirmation Hearing Notice will require that objections to the Disclosure Statement or confirmation of the Plan or requests for modifications to the Plan, if any, must: (a) be in writing; (b) comply with the Bankruptcy Rules, the Bankruptcy Local Rules, and any order of the Bankruptcy Court; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such

13

objection; and (e) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served upon the following: (i) counsel to the Debtors; (ii) the U.S. Trustee; (iii) counsel to the Committee; and (iv) counsel to the Plan Funder (the "Notice Parties"), so to be actually received on or before the Objection Deadline.  Finally, the Debtors submit that it is appropriate to schedule the Confirmation Hearing to consider approval of the Disclosure Statement and confirmation of the Plan and have the notice periods run simultaneously in accordance with Bankruptcy Rule 9006(c)(1) and the Complex Case Procedures.

28.     The Debtors state that the relief requested herein is warranted and appropriate under the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Procedures for each of the reasons set forth below.

29.     The proposed Objection Deadline of July 6, 2026 is thirty-four (34) days following the Solicitation Deadline, which satisfies the time periods required by the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

30.     The Debtors have planned for a robust notice and solicitation process, with the Voting Classes being provided a copy of the Solicitation Packages at least thirty-four (34) days prior to the Voting Deadline and all Non-Voting Classes being provided a copy of the Notice of Non-Voting Status Package at least thirty-four (34) days prior to the Opt-Out Deadline.  In addition, the Debtors plan to publish the Publication Notice, which will inform Holders of Claims and Interests of the date and time for the Confirmation Hearing in the national edition of *The New York Times* and the local edition of the *Dallas Morning News* within four (4) business days following entry of the Order, or as soon as reasonably practicable thereafter.  The Debtors believe such notice satisfies the Bankruptcy Rules and Bankruptcy Local Rules and is appropriate under

the facts and circumstances of this case.  Accordingly, the Bankruptcy Court should enter the Order

scheduling the Confirmation Hearing and Objection Deadline as set forth herein.

**II.     The Solicitation Procedures Satisfy the Requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules and Should Be Approved**

31.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders

of claims and interests for the purpose of soliciting their votes to accept or reject a plan in a

chapter 11 case.  As set forth herein, the Solicitation Procedures comply with the Bankruptcy

Code, the Bankruptcy Rules, and the Bankruptcy Local Rules, and the Debtors seek approval of

the Solicitation Procedures, the Ballots, and the Tabulation Procedures.

**A.     Voting Record Date**

32.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in

connection with the confirmation of a plan, "creditors and equity security holders shall include

holders of stocks, bonds, debentures, notes, and other securities of record on the date the order

approving the disclosure statement is entered or another date fixed by the court, for cause, after

notice and a hearing."  Bankruptcy Rule 3018(a) contains a similar provision providing that the

court may set a record date for voting purposes after notice and a hearing.

33.     Here, the Debtors have requested a Voting Record Date of May 7, 2026.  Because

the General Bar Date has passed,[4] the Debtors believe that all Holders of Claims or Interests in

each of the Voting Classes will be known by the proposed Voting Record Date and that such date

is therefore appropriate.  The Debtors request that the Bankruptcy Court exercise its authority

under Bankruptcy Rules 3017(d) and 3018(a) to establish May 7, 2026 as the Voting Record Date.

---

[4] The Bankruptcy Court entered the Bar Date Order establishing the Debtors' General Bar Date as September 15, 2025.  See Docket No. 434.

### B. Voting Deadline

34. Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ." The Debtors request that the Bankruptcy Court exercise its authority under Bankruptcy Rule 3017(c) to require that all Holders of Claims in the Voting Classes complete, execute, and return their Ballots so that they are actually received by the Claims and Noticing Agent on or before the Voting Deadline.

35. The Debtors intend to commence solicitation no later than June 2, 2026. The Debtors also anticipate soliciting each of the Voting Classes by electronic mail or overnight delivery, as applicable. Assuming a Voting Deadline of July 6, 2026, this timeline will provide Holders of Claims and Interests in each of the Voting Classes with at least thirty-four (34) days to review the materials and determine whether to vote to accept or reject the Plan, which satisfies the time periods required by the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules. The Debtors believe the solicitation period is sufficient and appropriate for Holders in the Voting Classes to vote on the Plan, and the Confirmation Timeline should be approved.

### C. The Ballots

36. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and interests for the purpose of soliciting their votes to accept or reject a plan in chapter 11. Pursuant to Bankruptcy Rule 3017(d), the Debtors must transmit a form of ballot, which substantially conforms to Official Form No. 314, only to creditors and equity security holders entitled to vote on the plan. Bankruptcy Rule 3018(c) provides that "[a]n acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity holder or an authorized agent, and conform to the appropriate Official Form."

16

37.     The Debtors, through their Claims and Noticing Agent, intend to transmit Solicitation Packages with Ballots attached to the Order as Exhibits 4A, 4B, 4C, and 4D to each of the Holders of Claims and Interests in the Voting Classes.  The proposed forms of Ballots comply with Bankruptcy Rule 3018(c) and conform substantially to Official Form No. 314, having been modified to address the particular circumstances of these Chapter 11 Cases, including through the conspicuous reproduction of the release, exculpation, and injunction provisions contained in the Plan. As such, the forms of Ballots should be approved.

38.     In addition to accepting physical Ballots, the Debtors request authorization to accept Ballots via electronic, online transmissions, solely via upload to the online balloting portal on the Debtors' Case Website (as defined below) maintained by the Claims and Noticing Agent (the "E-Ballot Portal").  Parties entitled to vote may, where applicable, upload a completed Ballot and submit the Ballot instantly by utilizing the E-Ballot Portal.  Instructions for electronic, online transmission of Ballots are set forth on the forms of Ballots, in the Disclosure Statement, and on the Debtors' Case Website.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the electronic signature of the party entitled to vote will be deemed to be immediately legally valid and effective.   Ballots submitted by utilizing the E-Ballot Portal will be deemed to include an original electronic signature.

**D.     Vote Tabulation**

39.     The proposed Tabulation Procedures set forth specific criteria applicable to Holders of Claims and Interests in Voting Classes and to the general tabulation of Ballots, including clear requirements for determining whether a Ballot will be counted in determining the acceptance or rejection of the Plan.  For example, the Tabulation Procedures provide that the Debtors are not required to count a Ballot if it is, among other things, (a) illegible, (b) submitted by a Holder of a

Claim or Interest that is not entitled to vote on the Plan, (c) unsigned, (d) not clearly marked with a vote to accept or reject the Plan, or (e) marked to both accept and reject the Plan.  Further, the Debtors, subject to a contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the Voting Report.  These procedures are consistent with sections 1126(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a) and should be approved.

### E.    Waiver of Certain Solicitation Package Materials

40.    The Debtors request that the Bankruptcy Court waive the requirement that they mail, or cause to be delivered, a copy of the Solicitation Package to Holders of Claims or Interests presumed to accept or deemed to reject the Plan.  *See* Fed. R. Bankr. P. 3017(d) (requiring transmission of a court-approved disclosure statement to, *inter alia*, classes of unimpaired creditors and equity security holders unless the court orders otherwise).  Non-Voting Status Packages, which include the Opt-Out Form, will be sent to Holders of Claims and Interests presumed to accept or deemed to reject the Plan.  The Debtors additionally request that the Bankruptcy Court waive the requirement under Bankruptcy Rule 2002(b) that notice be provided by mail, allowing the Debtors to instead serve parties for whom they have a valid and confirmed e-mail address in an electronic manner.  Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Claims and Noticing Agent and request paper copies of the corresponding materials received in electronic format (to be provided at the Debtors' expense as soon as practical following such request).

41.    Waiver of these requirements will save the Debtors significant administrative costs, as it will greatly reduce the time and expenses of the Claims and Noticing Agent in preparing and mailing Solicitation Packages and/or Non-Voting Status Packages and will eliminate the need for costly postage fees where valid and confirmed electronic service is possible.  The Debtors have

also made the Plan, the Disclosure Statement, and the Solicitation Package (excluding the Ballots) available at no cost on their chapter 11 website: https://dm.epiq11.com/HarvestSherwood (the "Debtors' Case Website").  Thus, each of the requirements of Bankruptcy Rule 3017(d) and 2002(b) should be waived.

### III.   Approval of the Form and Manner of Notice is Appropriate

#### A.   The Form of Confirmation Hearing Notice and Publication Notice Should be Approved

42.   The Debtors request approval of the Confirmation Hearing Notice, substantially in the form attached as Exhibit 2 to the Order.  In accordance with Bankruptcy Rules 2002 and 3017(d), the Confirmation Hearing Notice will include the following: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and other exhibits thereto) and the order approving this Motion from the Debtors' Claims and Noticing Agent from the Debtors' Case Website and/or the Bankruptcy Court's website via PACER; (b) notice of the Confirmation Hearing Date and information related thereto; (c) notice of the Voting Record Date; (d) notice of the Voting Deadline; (e) notice of the Opt-Out Deadline; and (f) notice of the Objection Deadline.

43.   Bankruptcy Rule 2002(l) permits the Bankruptcy Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  Therefore, in addition to the foregoing distribution of the Confirmation Hearing Notice, the Debtors will publish the Publication Notice within four (4) business days following entry of the Order, or as soon as reasonably practicable thereafter, in the national edition of *The New York Times* and the local edition of the *Dallas Morning News*.  In addition, the Confirmation Hearing Notice will be available on the Debtors' Case Website.  The Debtors believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Order, the conditional

approval of the Disclosure Statement, the Confirmation Hearing, the Opt-Out Deadline, the Voting Deadline, and the Objection Deadline to Holders of Claims or Interests, or any other potential party in interest, who will not otherwise receive notice thereof by mail or email as provided herein and through the Solicitation Procedures. Additionally, service and publication of the Confirmation Hearing Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

B.      **The Form of Notice of Non-Voting Status Should Be Approved**

44.      The Debtors also request approval of the forms of the Non-Voting Status Packages, including the Opt-Out Forms included therein, substantially in the form attached as Exhibit 5 to the Order. The Non-Voting Status Packages: (a) inform recipients of their status as Holders or potential Holders of Claims or Interests in the Non-Voting Classes; (b) provide the full text of the releases, exculpation, and injunction provisions set forth in the Plan; and (c) include a form by which Holders may elect to opt out of the Third Party Release included in the Plan by checking a prominently-featured and clearly-labeled box. Where applicable, the Opt-Out Forms also contain information on how the Holder of the Claim or Interest in each Non-Voting Class can opt-out electronically via the E-Ballot Portal.

45.      The Opt-Out Form, including as attached to the Notice of Non-Voting Status, if applicable, will be served upon (a) the Holders of Claims or Interests in Classes that are not Impaired under the Plan and, therefore, conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code; (b) the Holders of Claims or Interests in Classes that are Impaired under, and not receiving any property pursuant to, the Plan and, therefore, conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, each as of the Voting Record Date; and (c) the Holders of Claims and Interests that are subject to a pending objection by the Debtors that are not entitled to vote the disputed portion of their Claim or Interest. The Debtors will serve such Non-Voting Classes as soon as possible after the

20

Bankruptcy Court's approval of the Non-Voting Status Packages, with service of the Non-Voting Status Packages expected to commence no later than June 2, 2026.

46. The Opt-Out Forms must be returned so that they are actually received by the Claims and Noticing Agent no later than **4:00 p.m. (prevailing Central Time), on July 6, 2026**, which is at least thirty-four (34) days after the anticipated service of the Opt-Out Forms. The Debtors respectfully submit that such timeframe allows Holders in the Non-Voting Classes adequate time to consider the Plan and Disclosure Statement and, if such Holders so choose, opt out of the releases thereunder before the Opt-Out Deadline and, therefore, should be approved.

**IV.     The Disclosure Statement May Be Finally Approved at the Confirmation Hearing**

47. The Debtors request that, at the Confirmation Hearing, the Bankruptcy Court find that the Disclosure Statement contains "adequate information" as defined in section 1125(a) of the Bankruptcy Code.

48. What constitutes "adequate information" is based on the facts and circumstances of each case, but the focus is on whether sufficient information is provided to enable parties to vote in an informed way. *See* 11 U.S.C. § 1125(a)(1); *see also In re Cajun Elec. Power Coop., Inc.*,150 F.3d 503, 518 (5th Cir. 1998) (stating that courts are vested with the discretion to determine whether a disclosure statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code). Accordingly, the determination of whether a disclosure statement contains adequate information must be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court.").

49.     Here, the standard set forth in section 1125 is easily met.  The Disclosure Statement provides "adequate information" to allow Holders of Claims and Interests in Voting Classes to make informed decisions about whether to vote to accept or reject the Plan.  Specifically, the Disclosure Statement contains a number of categories of information that courts consider "adequate information," including, without limitation:

| Category | Description | Location in Disclosure Statement |
|---|---|---|
| Debtors' Corporate History, Structure, and Business Overview | An overview of the Debtors' corporate history, business operations, and capital structure. | Article III |
| Events Leading to the Chapter 11 Cases | An overview of the Debtors' out-of-court restructuring efforts in response to challenging economic conditions. | Article III.E |
| Events During the Chapter 11 Cases | A summary of the events in the Chapter 11 Cases to date and certain projected events. | Article IV |
| Plan Treatment | A summary of Plan classification and treatment of Claims and Interests. | Article VI |
| Risk Factors | Certain risks associated with the Debtors' businesses and the Chapter 11 Cases and related transactions, as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement. | Article XVI |
| Solicitation Procedures | A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan. | Article II.E |
| Confirmation of the Plan | Confirmation procedures and statutory requirements for confirmation and consummation of the Plan. | Article II.F |
| Certain U.S. Federal Income Tax Consequences of the Plan | A description of certain U.S. federal income tax law consequences of the Plan. | Article XVII |

22

50.     Bankruptcy Local Rule 3017-3 and Section H of the Complex Case Procedures permit a plan proponent to move for conditional approval of a disclosure statement and a combined hearing to consider final approval of the disclosure statement and confirmation of the plan. Accordingly, the Bankruptcy Court should conditionally approve the Disclosure Statement pursuant to this Motion and finally approve the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code at the Confirmation Hearing.

## NON-SUBSTANTIVE MODIFICATIONS

51.     The Debtors request authorization to make non-substantive changes to the Disclosure Statement, the Plan, the Solicitation Packages, the Non-Voting Status Packages, the Confirmation Hearing Notice, the Publication Notice, the Opt-Out Forms, the Ballots, and any related documents without further order of the Bankruptcy Court.  These changes could include changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages or Non-Voting Status Packages before distribution.

## NOTICE

52.     Notice of this Motion has been provided by email, facsimile, or first-class mail to the Complex Service List (as defined in the Creditor Matrix Order [Docket No. 67]).  A copy of this Motion is also available on the Debtors' Case Website.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice is needed.

[*Remainder of the page intentionally left blank.*]

WHEREFORE, the Debtors request entry of an order, substantially in the form attached

hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  May 20, 2026
Dallas, Texas

/s/ Ryan Fink

**SIDLEY AUSTIN LLP**
Chelsea McManus (24131499)
2323 Cedar Springs, Suite 2600
Dallas, TX 75201
Telephone:      (214) 981-3300
Facsimile:      (214) 981-3400
Email:          cmcmanus@sidley.com

*and*

Stephen Hessler (admitted *pro hac vice*)
Anthony R. Grossi (admitted *pro hac vice*)
Jon Muenz (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone:      (212) 839-5300
Facsimile:      (212) 839-5599
Email:          shessler@sidley.com
                agrossi@sidley.com
                jmuenz@sidley.com

*and*

Jason L. Hufendick (admitted *pro hac vice*)
Ryan Fink (admitted *pro hac vice*)
Daniela Rakowski (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone:      (312) 853-7000
Facsimile:      (312) 853-7036
Email:          jhufendick@sidley.com
                ryan.fink@sidley.com
                drakowski@sidley.com

*Attorneys for the Debtors*
*and Debtors in Possession*

24

**Certificate of Service**

I certify that on May 20, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

/s/ Ryan Fink

Ryan Fink