CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 27, 2026**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HARVEST SHERWOOD FOOD DISTRIBUTORS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80109 (SGJ)<br><br>(Jointly Administered)<br>Related to Dkt. No. 1006 |

**ORDER (A) APPROVING A SETTLEMENT AGREEMENT WITH SPROUTS FARMERS MARKET, INC. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AND (B) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are Del Mar Holding LLC (9207), Del Mar Acquisition Inc. (8866), Surfliner Holdings, Inc. (9456), Harvest Sherwood Food Distributors, Inc. (8995), Harvest Meat Company, Inc. (9136), LAMCP Capital, LLC (N/A), Western Boxed Meats Distributors, Inc. (8735), Cascade Food Brokers, Inc. (1389), Hamilton Meat, LLC (6917), SFD Acquisition LLC (8995), SFD Transportation Corp. (1551), Sherwood Food Distributors, L.L.C. (4375), and SFD Company LLC (1175). The Debtors' service address is c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd., Beaverton, OR 97005.

Upon the motion ("Motion")[2] of Harvest Sherwood Food Distributors, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), (a) approving the settlement terms set forth in the Motion (collectively, the "Settlement Agreement"), and (b) granting related relief, all as is more fully described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334; and this Court having determined that this is a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having determined that venue of this proceeding in this District is proper under 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and the Kaup Declaration; and this Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The Settlement Agreement, embodied by this Order, is hereby approved in all respects in accordance with Bankruptcy Rule 9019 and Bankruptcy Code section 105(a), as follows:

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

i. Effective Date. For purposes of the Settlement Agreement, the term "Effective Date" shall mean the date that the Order becomes final and non-appealable.

ii. Payment of Settlement Consideration. Within five (5) days of the Effective Date, Sprouts shall pay or cause to pay $3,250,000 (the "Settlement Payment") to the Plaintiff Debtors.

iii. Sprouts Unsecured Claims. On the Effective Date, all of the Settling Defendants' filed proofs of claim in the Debtors' chapter 11 cases shall be deemed withdrawn, released, resolved, and/or extinguished in full; *provided* that, Sprouts shall be deemed to hold an Allowed General Unsecured Claim in the amount of $1.00 (the "Sprouts Unsecured Claim"). Sprouts shall timely vote in favor of the Debtors' Plan (or any amended version thereof) on account of the Sprouts Unsecured Claim by submitting the approved form of ballot and agrees to not object to the Debtors' Plan on any grounds, including any opt-out of the Releases contained therein (and, for the avoidance of doubt, Sprouts shall not opt out of such Releases in its applicable ballot).

iv. Litigation Standstill. Upon filing of the Motion, the Parties shall cease all litigation against each other related to the Actions; *provided* that this standstill provision shall be voided if the Debtors do not receive the Settlement Payment in accordance with the terms hereof, Sprouts fails to timely vote in favor of the Debtors' Plan, Sprouts objects to the Debtors' Plan on any grounds (or opts out of the Releases contained therein), or the Effective Date does not occur.

v. Dismissal with Prejudice. Within five (5) business days of the later of (a) Sprouts' payment of the Settlement Payment and (b) the Debtors' receipt of Sprouts' ballot voting in favor of the Debtors' Plan, the Parties shall file a joint stipulated notice of dismissal with prejudice of their claims against the other Party in the Actions.

vi. Mutual Releases. Pursuant to and contingent upon full receipt of the Settlement Payment, Sprouts' ballot voting in favor of the Debtors' Plan in accordance with the Settlement Agreement, and the dismissal of the Actions, each of the Parties, on behalf of itself and its respective former and current parents, subsidiaries, affiliates, predecessors, successors, assigns, and any of the respective former, current, and future, direct or indirect trustees, equity holders, partners, members, managers, officers, directors, employees, agents, advisors, representatives, insurers, and attorneys (collectively, the "Releasing Parties"), shall completely release, acquit, and forever discharge each of the other Releasing Parties and each of their respective former, current, and future parents, subsidiaries, affiliates, predecessors, successors, assigns, direct or indirect trustees, equity holders, partners, members, managers, officers, directors, employees, agents, advisors, representatives, insurers, and attorneys from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature that the Releasing Party ever had, now has, or hereafter can, shall, or may ever have, that exist as of the date hereof, on account of, or in any way arising out of, any and all known and unknown,

> foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, losses, damages, and the consequences thereof, that have been asserted, or could have been asserted, under federal or state law in any way arising out of or relating in any way to the conduct alleged or that could have been alleged in the Actions by any Party.

3. The Parties are authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Settlement Agreement in accordance with the terms, conditions, agreements, and releases set forth or provided for therein, all of which are approved.

4. The Debtors' entry into the Settlement Agreement, including, without limitation, the releases of any claims provided therein, is an exercise of the Debtors' reasonable business judgment.

5. To the extent there is any conflict between the terms of the Motion and this Order, the terms of this Order shall control.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of (i) such Motion; (ii) the terms and conditions of the Settlement Agreement; and (iii) the hearing to approve the Settlement Agreement, and that the requirements of Bankruptcy Rules 2002 and 6004(a), and the Local Rules, are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry. Any appeal of this Order must be made within seven (7) days from the date of entry of this Order.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**# # # END OF ORDER # # #**

Order submitted by:

**SIDLEY AUSTIN LLP**
Chelsea McManus (24131499)
2323 Cedar Springs, Suite 2600
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
Email: cmcmanus@sidley.com

*and*

Stephen Hessler (admitted *pro hac vice*)
Anthony R. Grossi (admitted *pro hac vice*)
Jon Muenz (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: shessler@sidley.com
agrossi@sidley.com
jmuenz@sidley.com

*and*

Jason L. Hufendick (admitted *pro hac vice*)
Ryan Fink (admitted *pro hac vice*)
Daniela Rakowski (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: jhufendick@sidley.com
ryan.fink@sidley.com
drakowski@sidley.com

*Attorneys to the Debtors*
*and Debtors in Possession*